# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN ZIMMERMAN, )
)
      Plaintiff, ) Case No. 2:17-cv-00307-GMN-GWF
)
vs. ) **ORDER**
)
NEVADA CVS PHARMACY, LLC, )
)
      Defendant. )
_____ )

This matter is before the Court on the parties' Joint Motion to Consolidate Cases (ECF No. 26), filed on June 27, 2017.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve common questions of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The Court has broad discretion in determining whether to consolidate actions involving common questions of law or fact. *Krause v. Nevada Mut. Ins. Co.*, Case No. 2:12-cv-00342-JCM-GWF, 2013 WL 6524657 at *3 (D. Nev. 2012). "Consolidation requires only a common question of law or fact; perfect identity between all claims in any two cases is not required." *Firefighters, Local 1908 v. County of Clark*, 2012 WL 1986590 at *2 (D. Nev. 2012). The Court must weigh "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Firefighters*, 2012 WL 1986590 at *2 (quoting *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D.Cal. 1989)).

On balance, the Court finds that consolidation, and the corresponding benefits (judicial economy and ability to avoid inconsistent verdicts), outweighs any inconvenience, delay, confusion, or prejudice that may result. The five cases the parties wish to consolidate all arise under Title III of

the Americans with Disabilities Act and involve the same Plaintiff as well as the same or similar Defendants. In addition, these cases have all already been assigned to Chief Judge Navarro and the undersigned. Because there are sufficient common questions of law or fact present in these actions, the interests of judicial economy are supported by consolidation. The Court, however, reserves the right to order separate trials if appropriate. Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Consolidate Cases (ECF No. 26) is **granted**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Consolidate Cases (ECF No. 23) in Case No. 2:17-cv-00523-GMN-GWF is **granted**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Consolidate Cases (ECF No. 20) in Case No. 2:17-cv-00538-GMN-GWF is **granted**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Consolidate Cases (ECF No. 24) in Case No. 2:17-cv-00600-GMN-GWF is **granted**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Consolidate Cases (ECF No. 10) in Case No. 2:17-cv-01357-GMN-GWF is **granted**.

**IT IS FURTHER ORDERED** that *Zimmerman v. Nevada CVS Pharmacy, LLC,* Case No. 2:17-cv-00523-GMN-GWF; *Zimmerman v. Nevada CVS Pharmacy, LLC,* Case No. 2:17-cv-00538-GMN-GWF; *Zimmerman v. Warm Springs Road CVS, LLC,* Case No. 2:17-cv-00600-GMN-GWF; and *Zimmerman v. Warm Springs Road CVS, LLC,* Case No. 2:17-cv-01357-GMN-GWF, shall be consolidated with this case.

**IT IS FURTHER ORDERED** that all future filings shall be filed in this case only.

DATED this 17th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge